788 A.2d 951 (2001)
347 N.J. Super. 144
Christine LOPRESTI Plaintiff,
v.
Benjamin LOPRESTI Defendant.
Superior Court of New Jersey, Chancery Division-Family Part, Burlington County.
Decided October 1, 2001.
*952 Drew A. Molotsky, Skillman, for plaintiff.
Michael A. Bonomassa, for defendant.
HOGAN, J.S.C.
This is the decision on a motion brought by plaintiff for implementation of an arbitration award determining a weekly alimony amount, a cross-motion opposing same and in the alternative seeking a change in the award due to change of circumstances.[1]
Oral argument was held on September 21, 2001. The court directed the parties to brief the principal issue upon which this motion turns. That issue simply stated asks the question as to whether or not the arbitrators as a matter of law must set forth findings for their decision to award an amount of alimony.
It is the contention of defendant that the arbitrators must supply specific findings, if for no other reason than he has asked for them. He cites Faherty v. Faherty 97 N.J. 99, 477 A.2d 1257 (1984). The Court said "....because alimony and child support are always subject to modification for changed circumstances, we suggest, but do not mandate, that the arbitrator in all future domestic dispute arbitrations make reasonable detailed finding of fact upon which she or he basis the arbitration award." The Court also said, "Certainly such finding of facts should be prepared if requested by either of the parties."
Plaintiff contends that no further findings are required. The plaintiff likewise cites Faherty in support of her position emphasizing that findings are not mandatory. In addition, plaintiff cites Chen v. Chen, 297 N.J.Super. 480, 688 A.2d 636 (App.Div.1997) citing Laborers' Local Union v. Interstate Curb & Sidewalk, 90 N.J. 456, 466, 448 A.2d 980 (1982) which held: "an arbitrator's jurisdiction thus hinges upon what the parties to the contract have agreed should be submitted to arbitration." Plaintiff argues that rather than a contract, the parties entered into a consent order dated September 10, 1999 for arbitrators to determine the amount of alimony. Plaintiff points out that the consent order is narrowly focused on only the alimony issue.
Specifically, the consent order reads:
3. The sole issue to be determined by the panel is the amount of permanent alimony to be paid by the defendant to the plaintiff. Once this determination has been made, the parties shall resubmit the remaining issues of retroactivity of the alimony and payment of counsel fees to the court for determination on motion.
Plaintiff argues that the contents of the consent order were the subject of discussion and agreement of the parties, and had the defendant wanted to mandate findings of fact, the order should have reflected his request.
The court notes that the consent order in its other paragraphs is comprehensive. Paragraph 1 is the agreement to binding arbitration and states that the arbitrator's decision "shall be final and binding, and shall not be subject to appeal or review except as R. 4:50 may so warrant". Paragraph *953 2 discusses the method of selection of the arbitrators. Paragraph 4 deals with time limits for testimony, the rules of evidence and that the weight of the testimony or evidence shall be left to the panel's sole discretion. Paragraph 5 discusses the ground rules for exhibits, documents and panel memorandum. Paragraph 6 authorizes subpoena power. Paragraph 7 provides for limited discovery, and paragraph 8 states that outstanding or unresolved issues related to the arbitration and procedure "either prior to or during the arbitration" should be brought to the courts attention via telephone conference.
The arbitrators awarded plaintiff $450.00 per week alimony. In their award the arbitrators did make limited findings primarily with regard to the needs of plaintiff. That there are no findings regarding defendant's ability to pay is what brings this matter before the court.
The court concludes that in an arbitration proceeding where, as here, the issue is the amount of alimony, and where the consent order negotiated by the parties does not request comprehensive findings of fact under the statutory factors for alimony, that the arbitrators are not mandated to do so as per the Supreme Court's determination in Faherty, supra.
It is clear that in Faherty, supra, the Court did not want to limit arbitrators' scope of discretion on findings in this area of the law, and thus it was only suggested that arbitrators in the future make such findings.
However, once the arbitrators chose in their discretion (where not mandated by agreement of the parties) to provide findings as to the needs of the receiving party, those findings must out of fairness include findings as to the payors' ability to pay. Failure to do so, leaves both parties at a future disadvantage when addressing modification on the basis of a change of financial circumstance. A record with only partial findings, as in this matter, would be one sided and would hinder a future court in determining the economic status of the parties at the time of the original order. In other words, there would be no ability to determine a baseline for measuring whether a change of circumstance occurred. This result would require a potentially complex plenary hearing perhaps years after the initial alimony award in order to reconstruct the historical evidence of the parties' financial positions and standards of living. This difficulty is exactly what the Court in Crews v. Crews 164 N.J. 11, 751 A.2d 524 (2000) was seeking to avoid in requiring that findings be made to ascertain the standard of living of the parties during the marriage.
With regard to defendant's argument that since he requests the findings that Faherty mandates them, his argument would ring true if he had requested them in the consent order. Alternatively, he could have raised the issue pursuant to paragraph 8 of the Consent Order. There is nothing before the court that indicates that occurred. A defendant cannot wait until the arbitrators have ruled as he has done in this matter.[2]
Since in this case, the arbitrators in fact did render findings related to the needs of the plaintiff, the court will direct that they likewise have a duty to set forth their *954 findings on defendant's ability to pay. The arbitration panel shall render findings as to the payors ability to pay which led to their determination to award $450.00 permanent alimony. They should do so within 30 days. Since this application is brought by defendant in his cross-motion at this late stage, he shall bear the costs for the arbitrators' services in complying with the court's determination.
As the amount of the alimony award of $450.00 per week is not currently at issue, defendant shall commence payment of that sum immediately to plaintiff.[3] It is apparent to the court that since the parties agreed to arbitrate the alimony issue regarding the amount to be awarded, that there was agreement that this was an "alimony case". Only the amount needed to be determined. To deprive plaintiff of support any longer would be inappropriate.
Finally, with regard to the issue of retroactivity of the alimony, and the issue of counsel fees, these issues should likewise await the outcome of the arbitrators' findings on ability to pay. It may in addition be necessary to take testimony on the issues of retroactivity and counsel fees at the final hearing date when the divorce is to be entered.
Plaintiff's counsel shall prepare an order consistent with the courts determination herein.
NOTES
[1] This case has been pending for many years. Prior to the matter coming before this court the parties had agreed upon equitable distribution. The first day of trial was in March of 1998 The matter must be brought to conclusion. Please note that at the conclusion of this decision there is a status conference scheduled for the purpose of identifying remaining issues and scheduling the conclusion of the trial. The file indicates that equitable distribution has been agreed upon, and the issues of alimony and counsel fees are left to be finalized.
[2] At oral argument counsel for the defendant suggested that because one of the three arbitrators did not sign their determination because he was not paid, and that he still has time to ask for findings. While there may be some technical validity to the argument, the fact is that the arbitrators have concluded their proceeding and rendered a decision, and but for the compensation dispute with one of the arbitrators, all three individuals would have signed the decision. The court will be ordering the decision to be signed.
[3] The defendant did cross move to modify the alimony on a change of circumstances argument. This motion is premature. That relief is denied. Upon the filing of the additional findings as ordered here the defendant is free to renew his motion if he believes it is warranted.